# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| NICHOLAS CLARKSON, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. CV411-125 |
| STANLEY WILLIAMS, Warden, | ) |  |
| Respondent. | ) |  |

## ORDER

Nicholas Clarkson petitions this Court for 28 U.S.C. § 2254 relief. Doc. 1. He is represented by counsel and has paid the Court's $5 filing fee. Cognizant of this Court's duty to conduct a preliminary review of his petition under 28 US.C. § 2254 Rule 4 and 28 U.S.C. § 2243, he concedes his petition is time barred but moves to equitably toll 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Doc. 2. To that end, he also concedes that: (1) in state court he pled guilty to, *inter alia*, armed robbery, but did not appeal the December 15, 2004 judgment against him; and (2) when he litigated his December 8, 2008 state habeas petition, § 2244(d)(1)'s one-year limit had already been reached.

*Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Brown v. Hooks*, 2007 WL 1625074 at * 2 (M.D. Ala. Jun. 5, 2007). Doc. 2 at 3-4.

Clarkson argues that this Court should look past all that because, first, his state court sentencing judge misadvised him on the law. Clarkson had four years to file a state habeas petition, O.C.G.A. § 9-14-42(c), and the judge told him that. Doc. 2 at 5-6. But he did not also tell Clarkson that the *one-year* federal habeas limitations clock would keep ticking unless Clarkson had a direct or collateral appeal pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Sallie v. Humphrey*, 2011 WL 2261482 at * 2 n. 1 (M.D. Ga. Jun. 9, 2011). In effect, then, Clarkson only had one year to file his state habeas petition if he wanted to retain the option of also litigating his federal habeas rights. Doc. 2 at 5-6.

Not only did the state court judge fail to warn him of that, but so did his "trial counsel and prosecuting attorney," along with his post-conviction attorney. *Id.* at 6, 10-11. "[I]t was therefore reasonable," Clarkson contends, "to assume that he had four years within which to

file a petition for habeas relief in state and federal court . . . [which means] the equitable tolling inquiry should be assessed in the context of these case-specific facts." Doc. 2 at 6. The misleading-by-omission judicial advice and ineffective assistance of trial and post-conviction counsel, he concludes, support equitable tolling under *Holland v. Florida*, 560 U.S. \_\_, 130 S.Ct. 2549, 2564, (2010).[1] *Id.* at 11-13.

*Holland* deploys a two-pronged analysis. Clarkson "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (quotes omitted). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 2565 (quotes and cite omitted).

As for extraordinary circumstances, it is Clarkson's burden to prove them, and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268 (cite omitted). Clarkson must "show a causal connection between the alleged

---

[1] Petitioners can also surmount the time bar through the fundamental miscarriage of justice exception. This is "exceedingly narrow" and requires Clarkson to demonstrate that he is factually rather than legally innocent of the underlying conviction. *San Martin v. McNeil*, 633 F.3d 1257, 1268-69 (11th Cir. 2011). Clarkson does not make that argument.

3

extraordinary circumstances and the late filing of the petition." *Id.* at 1267.

Two layers of inquiry therefore must be addressed here: (1) Clarkson's diligence; and (2) the weight that should be accorded to the "limitation warnings" in determining whether Clarkson meets the extraordinary circumstances prong. Point (2) subdivides into what his sentencing judge and his attorneys said. Because of the way in which each point's analysis informs the next, the Court will examine each of these factors in reverse order. As for petitioner's attorneys, only

> serious attorney misconduct, including "acts of *gross* negligence [and] acts of outright willful deceit," [can] constitute "extraordinary circumstances" which would justify equitable tolling of a movant's § 2255 motion. *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008); *see also Holland v. Florida*, 560 U.S. ––––, 130 S.Ct. 2549, 2564, 177 L.Ed.2d 130 (2010) (holding that equitable tolling may be available in an "extraordinary" instance in which the conduct of a petitioner's attorney constitutes more than "garden variety" or "excusable neglect").

*Smith v. United States*, 2011 WL 1207647 at * 1 (11th Cir. Apr. 1, 2011) (emphasis added); *see also Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005) (rejecting petitioner's argument that the state impeded his timely filing of his § 2254 petition by providing him an incompetent attorney through the Florida counsel registry system), *aff'd*, 549 U.S.

4

327 (2007); *Webster v. Secretary for Dept. of Corrections*, 384 F. App'x 979, 983 (11th Cir. 2010) (same result based on attorney's failure to inform petitioner of the decision on his direct appeal and his "abandonment" of petitioner); *Scott v. Duffy*, 372 F. App'x 61, 63 (11th Cir. 2010) (attorney's negligent failure to file a direct appeal as directed by petitioner is not the type of State impediment envisioned in § 2244(d)(1)(B), and thus supplied no tolling grounds).

Thus, for the attorney-misconduct part of his *Holland* prong two showing, Clarkson must point to gross if not intentional misconduct. In *Smith*, for example, a 28 U.S.C. § 2241 petitioner argued "that the district court erred in denying him leave to appeal his convictions and sentences because his attorney . . . repeatedly refused to file an appeal on his behalf. The government agree[d] that this case should be remanded to the district court because the limitations period applicable to Smith's habeas corpus petition might have been equitably tolled by [counsel's] *refusal* to file an appeal." *Id.* (emphasis added). The Eleventh Circuit remanded

> to the district court to make factual findings regarding Smith's allegations of attorney misconduct. "In the end" it is impossible to say "whether extraordinary circumstances are present that entitle [the movant] to equitable tolling because the district court made no

5

> findings of fact with respect to whether counsel's behavior was as appalling as [the movant] alleges," and "[u]ltimately, whether equitable tolling is warranted is a decision that must rest on facts." *Downs*, 520 F.3d at 1323, 1325.

*Id.* at * 2.

Nothing like that is asserted here, only the failure of the sentencing judge and counsel to warn Clarkson about the somewhat tricky one-year rule. This places him *somewhat* within the realm of *Webster*, 384 F. App'x at 980, where equitable tolling was denied, despite Webster's claim that his public defender failed to inform him of a decision on his direct appeal and abandoned him. Webster had made only one inquiry as to the status of his appeal, three years after he filed the notice of appeal. Hence, he failed to act with due diligence in investigating the status of his appeal. Nor did he rely on any affirmative representation of notification of court decision to excuse his lack of diligence. *Id.*

*Webster* reminds that the judicial systems are operated by human beings who err. Defendants know this. They thus must make a reasonable inquiry, even if counsel tells them they may rest easy and do nothing, if in fact a large amount of time marches by and nothing happens in their cases. *Id.* at 983. But if someone or something external to them reasonably lulls them into inaction, then tolling may be applied.

And when a court (as opposed to one's lawyer) speaks, extra legal impact is assigned to that fact. *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (tolling applied where petitioner was assured that the state court would contact him, and he demonstrated diligence in pursuing the information when the state court clerk inadvertently sent notice of the decision to the wrong person, and thus did not contact him).

Here, in contrast to *Webster*, Clarkson cites a state court judge's advice that could lead a reasonable layperson (Clarkson is not a lawyer) to believe that the next important (and only) deadline in the process available to him was four years away, as opposed to one. Again, what a court, as opposed to a lawyer, says matters. It was important enough in *Lusk v. Ballard*, 2010 WL 3061482 at * 7 (N.D. W. Va. Jul. 22, 2010), *adopted*, 2010 WL 4723619 at * 1 (N.D. W. Va. Nov. 15, 2010), to compel a nuanced examination of the state court record, where one of the tolling grounds advanced was a state sentencing judge's advice that Lusk held no right to appeal his guilty-plea conviction. *Lusk*, 2010 WL 3061482 at * 7-11. Still, Lusk failed to prevail because the advice was not materially misleading. *Id.* at * 10 ("Barring issues of voluntariness, an appeal does not lie when a petitioner has pleaded guilty. A thorough examination of

the plea agreements and supporting affidavits, the plea hearing transcripts, the sentencing hearing transcripts, and the judgment orders leads the Court to conclude that the judge informed the petitioner of his rights in light of his plea agreement. Therefore, the petitioner's assertion that the court improperly advised him of his appeal rights during the plea colloquy is unavailing."). And Lusk was not diligent in the time that he did take to file his § 2254 petition. *Id.* at * 11.

In this case Clarkson presents an analytical wrinkle not seen in the above-cited cases: Whether a state sentencing judge's failure to warn a defendant of a "trap for the unwary" (the four-year, state time limit that can lull the unsophisticated into missing the one-year federal time limit), *combined* with counsel's negligent failure to warn of same, can satisfy *Holland's* two prongs. Arguably the answer is no. As for the lawyers, negligence is not enough. As for the judge, arguably his duty was limited to informing Clarkson of only his *state*, not *federal* rights.

Yet, lawyers must now advise their clients whether a guilty plea carries the risk of deportation, *Padilla v. Kentucky*, \_\_ U.S. \_\_, 130 S.Ct. 1473, 1486 (2010), and before *Padilla* many no doubt would never have thought that such a duty existed. And the distinction between what

courts and lawyers say and do has driven the result in many equitable tolling cases:

> We have allowed equitable tolling to petitioners who have relied detrimentally on our incorrect statements of the law. *See, e.g., Townsend v. Knowles*, 562 F.3d 1200, 1205–06 (9th Cir.2009), *abrogated on other grounds by Walker v. Martin*, — U.S. —, 131 S.Ct. 1120, 179 L.Ed.2d 62 (2011); *Harris v. Carter*, 515 F.3d 1051, 1055–56 (9th Cir.2008). We have also suggested that a litigant who is "affirmatively misled" by a court's erroneous instructions may be entitled to tolling. *Brambles v. Duncan*, 412 F.3d 1066, 1070 (9th Cir.2005). *See also Pliler v. Ford*, 542 U.S. 225, 235, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (O'Connor, J., concurring). Other circuits have extended these principles to misinformation provided by a court clerk. *See, e.g., Coppage v. McKune*, 534 F.3d 1279, 1281–82 (10th Cir.2008) (prisoner excused from checking status of state postconviction motion during period when clerk assured prisoner that court would not act); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir.2002) (tolling where clerk of state supreme court failed to notify petitioner of decision denying relief, as clerk had promised). *Cf. Corjasso v. Ayers*, 278 F.3d 874, 878–80 (9th Cir.2002) (tolling where pro se habeas petition mishandled by district court clerk).

*United States v. Buckles*, ___ F.3d ___, 2011 WL 2150992 at * 7 (Jun. 2, 2011); *see also Hamilton v. Yates*, 2011 WL 1097753 at * 8 n. 44 (C.D. Cal. Jan. 6, 2011). These court and clerk erroneous instruction cases supply enough cause to warrant a Rule 4 response from the state in this case. The state is free, of course, to demand that Clarkson also "show diligence not merely at the federal level, but throughout the entire state process in order to have equitable tolling available to him. *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir.1999). '[E]quity is not intended for those who sleep on their rights.' *See, Fisher v. Johnson*, 174 F.3d 710 (5th Cir.1999) (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989))." *McGraw v. McCall*, 2010 WL 4825747 at * 9 (D.S.C. Aug. 4, 2010).

The Clerk is thus **DIRECTED** to forward to the Marshal sufficient copies of this Order and Clarkson's petition for service upon the respondent by certified mail and upon the Attorney General of the State of Georgia, directed to the attention of Deputy Attorney General Mary Beth Westmoreland, by regular mail. The Marshal's return shall constitute prima facie evidence of service of process.

The respondent is therefore **ORDERED**, within thirty days after service of this Order, to file a response to Clarkson's equitable tolling motion, doc. 2, along with any necessary portions of the record.

**SO ORDERED** this  29th  day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA